UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DAVID ZALE, JR.,

    Plaintiff,

v.                                    Case No. 5:23-cv-190-TKW/MJF

D. LEE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On July 13, 2023, Plaintiff commenced this civil action. Doc. 1 at 14. On July 19, 2023, the undersigned ordered Plaintiff to pay the filing fee or move for leave to proceed *in forma pauperis*. Doc. 4 at 2. The undersigned imposed a deadline of August 18, 2023. The undersigned also warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.*

On August 17, 2023, the Florida Department of Corrections ("FDC") returned the undersigned's order because Plaintiff was on Self-Harm Observation Status ("SHOS") and purportedly was not permitted to possess documents. Doc. 6.

On August 21, 2023, the undersigned directed the clerk of the court to send to Plaintiff a copy of the order of July 19, 2023. Doc. 7. Additionally, the undersigned provided Plaintiff until September 20, 2023 to pay the filing fee or move for leave to proceed *in forma pauperis*. *Id*. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id*. The FDC did not return the order to this court. Nevertheless, Plaintiff did not comply with the order.

On October 4, 2023, the undersigned ordered Plaintiff to explain and show cause why he did not comply with the undersigned's order of August 21, 2023. Doc. 8. The undersigned provided Plaintiff until October 18, 2023 to comply. *Id*. The undersigned again warned Plaintiff that failure to comply with the order likely would result in dismissal of this action. On October 23, 2023, the FDC returned the order because

Plaintiff again was on SHOS and purportedly was not permitted to possess the document. Doc. 9.

On October 25, 2023, the undersigned directed the clerk of the court to send to Plaintiff a copy of the order of October 4, 2023. Doc. 10. The undersigned provided Plaintiff until November 24, 2023, to show cause why this case should not be dismissed. *Id.* The FDC has not returned this order. As of the date of this report and recommendation, Plaintiff has not complied with the order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962).

It appears that Plaintiff received the undersigned's orders of August 21 and October 25, 2023. *See Barnett v. Okeechobee Hosp.*, 283

F.3d 1232, 1239 (11th Cir. 2002) (there is "a rebuttable presumption that an item properly mailed was received by the addressee.") (citing *Konst v. Fla. E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996)). Plaintiff failed to comply with both orders, however. Plaintiff has not shown good cause for his failures and has offered no excuse for his failures. Accordingly, dismissal of this civil action without prejudice is appropriate.

### III.  CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be**

**filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**